IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lakeview Loan Servicing, LLC,<br><br>                     Plaintiff,<br><br>      vs.<br><br>Demetrius New, LaTonya L. New,<br>Greenville County Redevelopment<br>Authority, Greenville Housing Fund,<br>Inc., and Demond Bey,<br><br>                     Defendants. | Civil Action No. 6:16-1781-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion to remand the instant case to state court (doc. 7) by the plaintiff and the motion to dismiss the state court case by defendants Demetrius New and LaTonya L. New ("the News"), who are proceeding *pro se* (doc. 5).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

On March 17, 2016, the plaintiff filed this mortgage foreclosure action in the Greenville County Court of Common Pleas (*see* doc. 1-1). On March 17, 2016, the News were personally served with the summons and complaint in the state court action (*id.* at 39, 43). Defendants Greenville County Redevelopment Authority and Greenville Housing Fund, Inc., were personally served with the summons and complaint on March 17, 2016, and defendant Demond Bey was personally served with the summons and complaint on April 5, 2016 (*id.* at 35, 44-45). On March 29, 2016, the News voluntarily appeared in the state court by filing a "Notice of Special Appearance, Notice of Dispute." However, the News failed to file a responsive pleading within 30 days of either service or their voluntary

appearance. On June 2, 2016, the News filed a notice of removal in this federal action (doc. 1).  In the notice of removal, the News state that the plaintiffs are in violation of the Fair Debt Collection Practices Act, and this provides the basis of federal question jurisdiction under 28 U.S.C. § 1331 (*id.* at 1). None of the News' co-defendants have joined or consented to the removal.

On June 8, 2016, the News filed in this federal action a motion to dismiss the state court case (doc. 5).  The News argue that the state court case was filed illegally and that the case should proceed in federal court rather than state court (*id.* at 1).  On June 16, 2016, the plaintiff filed a motion to remand the case back to the Greenville County Court of Common Pleas (doc. 7).  On that same date, the plaintiff filed a response in opposition to the News' motion to dismiss the state court case (doc. 8).  On July 14, 2016, the News filed a response in opposition to the motion to remand (doc. 17), and the plaintiff filed a reply on July 21, 2016 (doc. 19).

## APPLICABLE LAW AND ANALYSIS

The plaintiff first argues that the News' notice of removal is untimely because the News failed to file it within 30 days after personal service on them of the initial pleadings in this case. The undersigned agrees. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446. The 30-day period for removal is triggered when "a defendant is formally served or waives service." *Reliford v. Pearson*, C.A. No. C/A 3:03-1561-17-BC, 2004 WL 2660229, at *2 (D.S.C. Feb. 19, 2004) (citations omitted).  As noted above, the News were personally served on March 17, 2016; accordingly, the News' deadline to file the notice of removal was April 18, 2016. They did not file it until June 2, 2016, almost a month and a half after that deadline. Accordingly, it is untimely.

The plaintiff next argues that the removal would violate the "rule of unanimity" as none of the other defendants have consented to removal. The undersigned agrees. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." Id. § 1446(b)(2)(B).

The News are attempting to remove this case solely under 28 U.S.C. § 1441(a). The other three defendants never consented to removal. Even if the other defendants now wanted to consent, it would be too late as they were served with the summons and complaint more than 30 days ago.

Lastly, the plaintiff argues that there is no basis for federal jurisdiction over this case. The undersigned agrees. This case cannot be removed based on federal question jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

The plaintiff's complaint presents no federal claim or question—it simply seeks the foreclosure of a mortgage on real property located in Greenville County pursuant to state law. *See* S.C. Code Ann. §§ 29-3-610 *et seq*. The News failed to file a responsive pleading raising any federal issues. Further, even if they had, under the well-pleaded complaint rule, whether the News have defenses that raise federal questions is irrelevant to the issue of the court's original jurisdiction. *See King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003)("In particular, a claim in which the federal question arises only as a defense to an otherwise purely state law action does not 'arise under' federal law, and hence jurisdiction would not lie under section 1331.").

3

The plaintiff seeks payment of costs and expenses incurred as a result of the removal (*see* doc. 7 at 4), pursuant to 28 U.S.C. 1447(c), which provides in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The undersigned recommends that the district court deny this request.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the plaintiff's motion to remand (doc. 7) should be granted, and the News' motion to dismiss the state court case (doc. 5) should be denied as moot. The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
United States Magistrate Judge

August 4, 2016  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).