IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lakeview Loan Servicing, LLC,  )<br>  )<br>    Plaintiff,  )<br>  )   Civil Action No. 6:16-1781-BHH<br>v.  )<br>  )<br>Demetrius New, LaTonya L. New,  )   **ORDER**<br>Greenville County Redevelopment  )<br>Authority, Greenville Housing Fund,  )<br>Inc., and Demond Bay,  )<br>  )<br>    Defendants.  )<br>_____) | |

On March 17, 2016, Plaintiff Lakeview Loan Servicing, LLC, ("Lakeview") filed this mortgage foreclosure action in the Greenville County Court of Common Pleas. Defendants Demetrius and LaTonya New ("the News"), Greenville County Redevelopment Authority, and Greenville Housing Fund, Inc., were served with the summons and complaint on March 17, 2016. Defendant Demond Bay was served with the summons and complaint on April 5, 2016.

On March 29, 2016, the News voluntarily appeared in state court by filing a "Notice of Special Appearance, Notice of Dispute." Nevertheless, the News failed to file a responsive pleading to the complaint within 30 days of either service or their personal appearance. Instead, on June 2, 2016, the News–without the consent of any other Defendant–filed a notice of removal alleging federal question jurisdiction based on the Fair Debt Collections Practices Act. On June 8, 2016, the News also filed a motion to dismiss. Plaintiff Lakeview filed a motion to remand on June 16, 2016.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)

(D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On August 4, 2016, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining the history of this case and recommending that the Court grant Lakeview's motion to remand and deny the News' motion to dismiss as moot. Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. On August 19, 2016, the News filed objections to the Report, and Lakeview filed a reply on September 6, 2016.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## ANALYSIS

In his Report, the Magistrate Judge determined that the News' notice of removal was improper because the News failed to file it within 30 days after personal service on them of the initial pleadings. *See* 28 U.S.C. § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."). As noted above, the News were served on March 17, 2016, but they did not file their notice of removal until June 2, 2016.

In addition, the Magistrate Judge determined that the News' removal was improper because the other three Defendants did not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). Moreover, the Magistrate Judge noted that even if the other Defendants now wished to consent to removal, it would be too late as they were served with the summons and complaint more than 30 days ago. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

Next, the Magistrate Judge determined that the News' removal on the basis of federal question jurisdiction was improper as the complaint contains no federal claim or question; rather, the Magistrate Judge noted that the complaint simply seeks the foreclosure of a mortgage on real property located in Greenville County.

Finally, the Magistrate Judge recommended that the Court deny Plaintiff's request for costs and expenses incurred as a result of removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.").

In their objections to the Magistrate Judge's Report, the News first assert that their removal was timely. Specifically, they contend that their special appearance on March 29, 2016, "was solely to object to the court's jurisdiction and request for verification and validation from the debt collector." (ECF No. 24 at 2.) The News then argue that it was not until May 26, 2016, when Plaintiff allegedly failed to provide the requested verification and validation and instead filed a certificate of default, that the News learned that the case was

removable, thereby triggering a new 30-day deadline. (*Id.* at 2-3.) After review, the Court finds this objection to be without merit. Stated simply, the filing of the certificate of default did not extend the deadline to remove under 28 U.S.C. § 1446(b)(3) because it did not create any federal issue or otherwise render the case newly removable. As such, the Court agrees with the Magistrate Judge that the News' removal was untimely.

Next, the News assert that they are the owners of the property in question and that the other Defendants are not real parties in interest such that their consent to removal was not required. (ECF No. 24 at 3.) Importantly, because Plaintiff is seeking to extinguish any interest that any of the named Defendants may have in the mortgaged property, the Court disagrees with the News and finds that the Magistrate Judge did not err in concluding that 28 U.S.C. § 1446(b)(2)(A) required the other Defendants to consent to removal. Because the other Defendants did not consent to removal, and because the time for them to do so has now expired, the Court agrees with the Magistrate Judge that the News' removal was improper.

Finally, the News reiterate their contention that the Fair Debt Collections Practices Act applies to this action, thereby providing the Court with federal question jurisdiction. Here again, the Court disagrees with the News and finds that the complaint at issue contains no federal claim or question, as Plaintiff simply seeks to foreclose on a mortgage pursuant to state law. Moreover, as the Magistrate Judge noted, even if the News had filed a responsive pleading raising federal issues–which they did not–"a claim in which the federal question arises only as a defense to an otherwise purely state law action does not 'arise under' federal law." *King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). Because the complaint does not arise under federal law, the Court agrees with the

4

Magistrate Judge that the News' removal on the basis of federal question jurisdiction was improper.

In conclusion, the Court agrees with the Magistrate Judge that the News' removal was untimely and without the necessary consent of the other Defendants.  Moreover, even if the News' removal was not untimely, and even if the consent of the other Defendants was not required, the Court also agrees with the Magistrate Judge that Plaintiff's complaint presents no federal claim or question, and thus, the Court lacks jurisdiction.  Finally, after review, the Court denies Plaintiff's request for costs and expenses incurred as a result of the News' improper removal.

## **CONCLUSION**

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report (ECF No. 20); **OVERRULES** the News' objections (ECF No. 24); **GRANTS** Plaintiff's motion to remand (ECF No. 7); and **DENIES AS MOOT** the News' motion to dismiss (ECF No. 5).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 4, 2016
Greenville, South Carolina